# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDY L. TREADWAY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1402** (BOR Appeal No. 2047199)
                (Claim No. 2010118982)

**FAYETTE COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judy L. Treadway, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fayette County Commission, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed a May 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2010, decision denying Ms. Treadway's workers' compensation application. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Treadway worked as a tax deputy for Fayette County Commission from October of 2003 until July of 2009. She worked in the first floor of a concrete building that was partially underground, damp, musty, and had flooded multiple times. She suffered from several respiratory, sinus, and ear infections over a period of several years. Ms. Treadway filed a workers' compensation application on November 28, 2009. The claims administrator rejected the claim and found that the disability complained of was not due to an injury or disease received in the course of and resulting from her employment.

1

The Office of Judges affirmed the claims administrator's decision and found the claim was not compensable. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Treadway disagrees and asserts that Karen Hultman, D.O., and Alan Ducatman, M.D., have diagnosed her with chronic sinusitis and bronchitis and agree with Christopher Martin, M.D., that the environment in the building was of such poor quality that it could cause her upper respiratory symptoms and those of her co-workers. Ms. Treadway further argues that all three doctors agree that in instances where individuals improve when removed from the environment and where multiple individuals suffer from similar symptoms as she has experienced with her work environment that the likelihood of a relationship between the environment and the sickness increases. Fayette County Commission maintains that Ms. Treadway failed to prove her illnesses came from exposure to mold at her workplace and that the only evidence that is not based on speculation is the opinion of Dr. Martin who concluded that Ms. Treadway did not have a compensable claim. Fayette County Commission further maintains that Ms. Treadway was not exposed to abnormal amounts of mold at work because air qualities studies showed that the mold outside was similar to the air quality of mold inside.

As the Office of Judge pointed out, there is a large amount of evidence in this case; however, there is no physician stating that Ms. Treadway has an occupationally related disease. Even the physician's portion of the Report of Injury was left blank. Ms. Treadway has issues with chronic sinusitis, but she has failed to provide evidence that her chronic sinusitis or any other diagnosis is an occupationally acquired condition. Dr. Ducatman diagnosed Ms. Treadway with chronic sinusitis with several exacerbating factors, including building issues as described and ongoing cigarette smoking. The Office of Judges determined that the building environment being an exacerbating factor is not the same thing as the building environment being the causal agent in Ms. Treadway's chronic sinusitis. Furthermore, the mold inspection reports found relatively low exposure to abnormal levels of mold spores. Dr. Martin concluded that extensive testing was performed on Ms. Treadway's lungs and that her lungs were normal. The Office of Judges concluded that, even though the building where Ms. Treadway worked has issues, ultimately there is no medical opinion that states Ms. Treadway has an occupationally acquired disease.

We agree with the reasoning and findings of the Board of Review and the Office of Judges. There is no medical evidence to support that Ms. Treadway has an occupationally acquired disease. Ms. Treadway has failed to prove she has suffered an occupational injury or disease, and therefore, her claim is not compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:**


**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II